[No. 18073.  Department One.  November 8, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Great Northern Railway Company, Appellant,* v. THE DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

CARRIERS (4)—REGULATION—STATUTES—CERTIFICATE OF PUBLIC NECESSITY. Rem. Comp. Stat., § 6390, of the transportation act, providing that a certificate of necessity shall be granted to a carrier who was "actually" operating over a route on "January 15, 1921" does not require that there be actual operation on that day, but the preference right extends to a carrier who had an established route, notwithstanding operation had been temporarily suspended because of the impossibility thereof during the month of January.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered February 6, 1923, affirming, on appeal, an order of the department of public works granting a certificate of convenience and necessity. Affirmed.

*Charles S. Albert* and *Ernest E. Sargeant,* for appellant.

*The Attorney General* and *Raymond W. Clifford, Assistant (H. C. Brodie,* of counsel), for respondents.

TOLMAN, J.—This is an appeal from a judgment of the superior court for Thurston county, sustaining an order of the department of public works granting a certificate of convenience and necessity to one William

[1]Reported in 219 Pac. 878.

Bender, authorizing the transportation of freight by motor propelled vehicles between the cities of Leavenworth and Wenatchee, in Chelan county. The application was made and granted upon the ground that Bender "was actually operating in good faith, over the route . . . . on January 15th, 1921." [Rem. Comp. Stat., § 6390.] The department made a finding, amply sustained by the evidence so far as questions of fact are concerned, upon which its action in granting the certificate was based, as follows:

"III. We find that the road between said points over which such operation is carried on becomes practically impassable for freight trucks during the winter season, and sometimes during the fall season and early spring. The applicant conducted his operations over said route as long as the roads remained open and passable in the late fall or early winter, and then discontinued service until the roads became passable in the spring. While the applicant was not actually operating over this road in the month of January, 1921, because of the impossibility of doing so, we believe that he was actually operating over said route as a good faith operator on January 15, 1921, within the meaning of Chapter 111, Laws of 1921. We have heretofore held that an applicant who began operating prior to January 15, 1921, but was prevented from actually operating on that date or during the winter season by reason of weather and road conditions, and resumed operations as soon as conditions would permit, was a good faith operator within the meaning of the law. We find in this case that the applicant was actually operating over said route on January 15, 1921, in good faith within the meaning of the statute."

Appellant's attack is directed toward this finding, upon the ground, principally, that the words of the statute first above quoted are governed and dominated by the use of the word "actually," and must be construed to mean that to be thus entitled to a certificate, one must have actually, as a then present existing fact,

have operated his vehicle transporting freight over the route on the date mentioned in the statute; that the legislature by adopting the language used excluded all cases of constructive operation, and withheld from the department the right to use its discretion on this subject in any way.

It must be admitted that the words used are susceptible of the construction which appellant places upon them, and if such was the legislative intent it could scarcely be made plainer, except by adding words directly negativing the right of one constructively operating and expressly denying the use of discretion by the department.

But we must consider the whole act and its purpose in order to arrive at the legislative intent, and, so doing, we find that the act, ch. 111, Laws of 1921, p. 338 [Rem. Comp. Stat., § 6387], with the exceptions therein mentioned, is intended to govern every person, natural or artificial, operating any motor propelled vehicle over any public highway in the state between fixed termini, or covering a regular route, and transporting persons or property for compensation. It is a well known fact, of which the legislature could not have been ignorant, that considerable portions of this state are mountainous, and that some, and perhaps many of the highways in the mountainous sections, are wholly impassable for motor vehicles during the winter months. Therefore, if it intended this language to be considered in the strict sense for which appellant contends, that was equivalent to the denial of any preference right to operators on highways where travel might be, and in many cases must necessarily be, impossible on the one day of January 15, 1921. We cannot ascribe to the legislature any such intent. As we read the act the particular provision now under consideration was intended to give a preference right to all operators in

good faith, who had been operating without knowledge that the legislature would so act, and to deny a preference right to those who, after the legislature began the consideration of the subject, in bad faith, commenced to operate for the purpose of forestalling the legislative action.

We think the language should be reasonably construed, as one might say that, on that same January 15, 1921, a certain person was actually engaged in farming, though the ground was then frozen and covered with snow, and no actual farming operations could be carried on for a considerable period both before and after the day specified.

Other courts have construed similar terms in accordance with these views. *State ex rel. Dawson, in re Strawbridge & Mays,* 39 Ala. 367; *Clark v. Dewey,* 71 Minn. 108, 73 N. W. 639; *Astor v. Merritt,* 111 U. S. 202.

We conclude that the judgment appealed from is right, and it must be and is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.